WILLIS E. BROWN V. A. P. BRINK, RECEIVER, ET AL.

FILED FEBRUARY 9, 1899. No. 8687

1. **Stockholders: LIABILITY: ENFORCEMENT.** An action for the enforcement of the individual liability of the stockholders of a banking corporation must be prosecuted by one creditor for the benefit of all, or by the receiver of the corporation.

2. ————: ————: ————: **INTERVENTION.** A creditor may not intervene in such an action, instituted by the receiver, at least where it is not made to appear that the receiver is not prosecuting the case in good faith for the best interests of the creditors, or in some way has disregarded or violated the duties of his trust in that regard.

ERROR from the district court of Sheridan county. Tried below before WESTOVER, J. *Affirmed.*

*W. W. Wood* and *Stewart & Munger,* for plaintiff in error.

*Frank T. Ransom* and *W. W. Morsman, contra.*

NORVAL, J.

This action was instituted by the receiver of the Bank of Rushville to enforce stockholders' individual liability for the debts of the bank. Willis E. Brown, a creditor of the bank, sought to intervene, and his application therefor was denied, and upon stipulation of the parties a judgment was rendered in favor of the receiver and against the defendants for the sum of $2,600. Brown has prosecuted a petition in error.

A single question is presented for the consideration of this court, namely, Did the court below err in refusing to permit Brown to intervene? We are all of the opinion that the answer must be in the negative. It has been judicially determined that an action like the present one must be brought for the benefit of all the creditors of the corporation, and when a receiver has been appointed the suit should be prosecuted in his name. (*Farmers Loan & Trust Co. v. Funk,* 49 Neb. 353; *German Nat. Bank of Lincoln v. Farmers & Merchants Bank of Holstein,* 54 Neb. 593.) A receiver for the Bank of Rushville had been appointed, and he instituted suit against the stockholders to charge them individually for the debts of the corporation, and the creditor could not maintain an independent action to enforce the same liability against defendants. If Brown, therefore, could not in his own right have instituted a separate suit, manifestly he could not intervene in the one brought by the receiver,—at least, unless it was shown that the receiver was either failing to prosecute the cause or was in some way disregarding or violating the duties of his trust. The petition of intervention contains no such averment, but alleges substantially the same facts as are set forth in the petition of the receiver, with the further allegation that Brown is a creditor of the bank and that his claim has been allowed. Moreover, this record discloses that in the case in which Mr. Brink was appointed receiver of the Bank of Rushville he, as such receiver, was ordered and directed to compromise

the present suit upon certain terms, and that the judgment herein was rendered in pursuance of such settlement.  In view of the order of settlement entered in the receivership case we are unable to see how Mr. Brown could have been prejudiced by the denial of his application to intervene herein, since, had his petition for intervention been allowed, it would not have prevented the rendition of the same judgment which was subsequently entered.  Whether the court rightfully ordered the receiver to compromise the right of action against the stockholders is not presented by this record.

AFFIRMED.