(45 App. Div. 499.)

MAHONEY v. BERNHARD et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. LIABILITY OF BANK STOCKHOLDERS—ACTION—RIGHT TO MAINTAIN.
    Laws 1897, c. 441, amending Laws 1892, c. 689, § 52, provides that, on the dissolution of a bank and the appointment of a receiver, actions or proceedings to enforce liability of stockholders "shall be taken and prosecuted only in the name and behalf of such receiver," unless the latter shall refuse to take action. *Held*, not to apply to actions actually pending on its passage, though operating retrospectively where actions have not already been commenced.

2. SAME—PENDING ACTION.
    Neither does it apply to defendants not served in an action pending on the date of its passage, as there is but one action, which is against the entire body of stockholders, and it is "taken," in the sense of the amendment, when the summons is served on one of them.

3. EXECUTORS—JUDICIAL SETTLEMENT OF ACCOUNT—EFFECT AS FINAL DISCHARGE.
    Code Civ. Proc. § 2742, determines the effect of a judicial settlement of an executor's account, but it does not in terms provide for his discharge, and hence it does not follow on a settlement of his account, but he is thereby discharged only pro tanto; his duties and liability continuing as to other assets which may be realized.

4. LIABILITY OF BANK STOCKHOLDERS—EXTENT—JUDGMENT—INTEREST.
    Under Laws 1892, c. 689, imposing a liability on stockholders of an insolvent bank equal to the par value of their stock, they are only chargeable with interest on the judgment fixing the amount of their liability, though interest may enter into the process of ascertaining the same, provided they are not made to pay more than the par value of their stock; and they cannot be charged with interest from the commencement of the action.

Appeal from special term, New York county.

Action by Timothy Mahoney against George Bernhard and others. From an interlocutory judgment for plaintiff, entered on a decision of the court rendered after trial at a special term (58 N. Y. Supp. 748), adjudging defendants to be liable, as stockholders, for the debts of the Murray Hill Bank, and directing a reference to ascertain the amount of the creditors' claims and to apportion defendants' liability, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Benjamin N. Cardozo, for appellant Emily H. Bradbury and others.

Louis Marshall, for appellants Nathan Westheimer and others.

Henry D. Hotchkiss, for respondent.

BARRETT, J. This action is by a creditor of the Murray Hill Bank, an insolvent banking corporation, to enforce the statutory liability of its stockholders under the banking law (Laws 1892, c. 689, § 52). After the action was commenced by service of the summons upon some of the defendants, this section (52) was amended by chapter 441 of the Laws of 1897. The amendment was in these words:

"In case any such corporation shall have been or shall be dissolved by final order or judgment of a court having jurisdiction, and a permanent receiver or receivers of the said corporation shall have been or shall be appointed, all actions or proceedings to enforce the liability of stockholders under this section shall be taken and prosecuted only in the name and in behalf of such receiver or receivers, unless such receiver or receivers shall refuse to take any such action or proceeding upon proper request in that behalf made by any creditor, and in that event such action or proceeding may be taken by any creditor of the corporation."

The main contention upon this appeal is based upon the effect which the defendants claim for this amendment. They insist that it applies to actions actually pending when it was passed, that such actions at once abated, and that the only remedy left to the creditors was to induce the receivers of this insolvent bank to proceed against the stockholders de novo under the authority thus newly conferred; and they point in support of their contention to the express retrospective language used in the amendment. We cannot agree to this view. There is nothing in the amendment to warrant the conclusion that it was intended to affect existing actions. It undoubtedly operated retrospectively where actions had not already been commenced. But, where they had been commenced, it is equally clear that they are not within its retrospective application. When the corporation shall have been dissolved (the amendment provides), and a permanent receiver shall have been appointed, then all actions to enforce the liability of the stockholders "shall be taken and prosecuted only in the name and in behalf of such receiver." That necessarily refers to future actions. It doubtless prohibits creditors, after the appointment of the permanent receiver, from taking and prosecuting (that is, from then bringing) such ac-

tions. But it does not prohibit them from continuing actions already taken, and in process of prosecution. By this construction full effect is given to what is retrospective as well as what is prospective in the amendment. The former relates to the underlying condition; the latter, to the action founded upon that condition. An intention to wipe out existing actions, and to subject parties to fresh delays, and possibly resulting defenses, such as the statute of limitations, should not be inferred from language admitting of a more reasonable purpose. We need not, therefore, consider the question whether the amendment affects the right or the remedy. There is much refinement on this head in the briefs. When express words are found in such a statute, abating all existing actions, it will be time to consider views of the kind suggested.

An additional point is here made, that the amendment applies at least to those defendants who had not been served with the summons at the date of its passage. There is no force in this suggestion. There is but one action, and that is an action against the entire body of stockholders. The amendment either applied to that one action, or it did not apply at all. The action was "taken," in the sense of the amendment, when the summons was served upon one of this body of stockholders, defendants. Thereafter it proceeded in its regular course, and consequently it had been taken and was in due process of prosecution when the amendment was passed.

The appellants also contend that the executorships created by the wills of the stockholders Clausen and Cardwell were ended by the surrogate's settlement of the accounts of their executors. This view is also, we think, erroneous. Section 2742 of the Code of Civil Procedure provides what shall be the effect of the judicial settlement of an executor's account. His final discharge is not, in terms, provided for. Nor was it here decreed. It is true that when executors, under a surrogate's decree upon their accounting, turn over to themselves, as trustees, the balance of the estate found to be in their hands, it is tantamount to a discharge with respect to the property so turned over. But the executorial functions are not absolutely terminated thereby, and we cannot at all agree to the appellants' proposition that thus "the executors became nonexistent." They were, in legal intendment, discharged pro tanto. "Other assets," however, as Mr. Redfield, in his work on the Law and Practice of Surrogates' Courts (4th Ed., p. 788), correctly says, "may be realized, and new liabilities incurred," and as to those the executorial duty continues. It follows that, as the shares remained throughout in the names of the decedents upon the books of the bank, their estates, and consequently their executors, are liable under the statute, as well as the latter's unregistered transferees. Banking Law (Laws 1892, c. 689) § 52; Stock Corporation Law (Laws 1890, c. 564, as amended by Laws 1892, c. 688) §§ 29, 54.

We think, however, that the defendants should not have been charged with interest from the commencement of the action. They cannot be mulcted beyond their precise statutory liability. By section 52 of the banking law, supra, they are not made unconditionally liable for the par value of their stock, nor yet for the unlimited

contracts, debts, and engagements of the corporation. Each stockholder's individual liability is for his equal proportion of all contracts, debts, and engagements of the corporation, to the extent of the amount of his stock, at the par value thereof. Interest upon these contracts, debts, and engagements runs until their total amount is ascertained and liquidated, and the ratable apportionment thereupon made. This interest thus helps to make up the total sum to be apportioned, and the stockholder's liability is for his share of this total sum, to the extent of the amount of his stock at its par value. But, while interest thus enters into the process of ascertainment, it does not into the statutory limitation. The stockholder cannot, upon any pretext or principle, be made to pay a dollar more than the amount of his stock at its par value. That is his sole liability. That general liability is one thing; his precise duty, another. The liability is for an equal proportion of the debts, but the duty to pay the equal proportion only arises when the apportioned sum has been ascertained and liquidated. At that point interest undoubtedly begins to run against the stockholder upon the entire amount of his stock, at its par value, if the apportioned sum has reached that "extent"; upon a lesser sum, if it has not. Primarily, however, the stockholder is liable only to the extent of the par value of his stock, not to the extent of that par value plus interest from any date. When the amount to be paid has been ascertained, then, of course, the extent of the liability becomes fixed, and interest runs from that date as upon an ordinary judgment. The other questions discussed by counsel were correctly decided below, and they call for no special consideration. The judgment appealed from should be modified by striking out the provision which charged the defendants with interest from the commencement of the action, and, as modified, affirmed, with costs to abide the final result.

Judgment modified as directed in opinion, and, as modified, affirmed, with costs to abide event. All concur.