(38 Misc. Rep. 325.)

## PARKER v. ADAMS et al.

(Supreme Court, Special Term, New York County. June, 1902.)

1. BANKS—INSOLVENCY—LIABILITY OF STOCKHOLDERS.
   A stockholder of an insolvent state bank is not relieved from his proportionate individual liability, to the extent of the amount of his stock at the par value thereof, to a depositor for interest on unpaid balances from the time of the closing of the bank down to the time of the payment of the last dividend, because of a payment made to the depositor, by various dividends of the full amount due at the time of its closing, for the deposit and contractual interest thereon.

2. SAME—DEMAND ON BANK.
   A creditor of an insolvent bank need not, before suing a stockholder on his statutory liability, demand payment of his claim against the bank.

¶ 2. See Banks and Banking, vol. 6, Cent. Dig. § 66.

Action by James H. Parker, as treasurer of the Lloyds of America, against Hugh W. Adams and others to enforce the statutory liability of defendants as stockholders of the St. Nicholas Bank. Judgment for plaintiff.

John M. Bowers and L. G. Reed, for plaintiff.
Albridge C. Smith, for Phœnix Ins. Co. and others.
John Berry, for Bleecker, receiver.
Knox & Woodward, for Mary Taber, executrix of Henry M. Taber.
Wing, Putnam & Burlingham, for John E. Bassett.
Hubert Hueson, for R. Hueson.
Parsons, Shepard & Ogden, for executors of the will of Mary R. Edson.
Smith & Doherty, for Jennie M. Thompson and others, trustees under will of William D. Thompson, deceased.
Deyo, Duer & Bauerdorf, for Kate Hamilton Roop.
S. B. Brownell, for Mary N. Davidson, executrix of Charles A. Davidson, deceased.
C. P. Anderson, for D. O. Mills.
Harrison & Byrd, for James H. Aldrich and Robert L. Harrison.
Clarence L. Westcott, for Maria D. Westcott.

FITZGERALD, J. The plaintiff brings this action as a creditor of the St. Nicholas Bank against the stockholders of that corporation to enforce their statutory liability as such stockholders to answer for all debts of the bank properly brought to judgment to the amount of its stock held by each of them equally and ratably at par. In an action brought by the attorney general in the name of the people of the state of New York for the dissolution of the St. Nicholas Bank, a preliminary injunction was had, which was continued by order of this court, dated the 26th of December, 1893, at which time a temporary receiver was appointed, final judgment in this action dissolving the corporation as insolvent was entered July 1, 1895, and the temporary receiver was then continued as permanent receiver to wind up its affairs. On December 23, 1893, the bank suspended payments, and at that time the plaintiff, as a depositor, was its creditor to the amount of $99,136.77. This sum represented two items,—actual deposits and contractual interest thereon. Plaintiff was paid in full by various dividends this entire amount. The claim now asserted is for legal interest upon the unpaid balances of this sum from the time of the closing of the bank down to the time of the payment of the last dividend. The defendants deny the right of the plaintiff to demand legal interest upon any pretext whatever, and next contend that, if such right exists at all, the payment by the receiver of the amount due at the date of the closing bars any further demand therefor. It is true beyond question that a creditor who is paid and accepts his principal in full cannot sue for interest, and if such were the facts before the court, the plaintiff would have failed to establish any cause of action; but it must be borne in mind that in this instance all that the creditors could do was to present their claims to the receiver. This the plaintiff did, and such claims were for prin-

cipal and interest, and it followed that dividends paid were on account of the entire debt, principal and interest, and that the payment of dividends, aggregating the total sum on deposit when the bank closed, cannot bar recovery for any liability arising against the stockholders on account of the bank's failure to pay the same when due. In Mahoney v. Bernhard, 45 App. Div. 499, 63 N. Y. Supp. 642, affirmed in 169 N. Y. 589, 62 N. E. 1097, an action against stockholders for the recovery of certain debts of the bank (at page 502, 45 App. Div., and page 645, 63 N. Y. Supp.), the court said:

"Interest upon these contracts, debts, and engagements runs until their total amount is ascertained and liquidated, and the ratable apportionment thereupon made. This interest thus helps to make up the total sum to be apportioned, and the stockholder's liability is for his share of this total sum, to the extent of the amount of his stock at its par value. * * * The liability is for an equal proportion of the debts, but the duty to pay the equal proportion only arises when the apportioned sum has been ascertained and liquidated. At that point interest undoubtedly begins to run against the stockholder upon the entire amount of his stock at its par value, if the apportioned sum has reached that 'extent'; upon a lesser sum if it has not. * * * When the amount to be paid has been ascertained, then, of course, the extent of the liability becomes fixed, and interest runs from that date as upon an ordinary judgment."

In Richmond v. Irons, 121 U. S. 64, 7 Sup. Ct. 805, 30 L. Ed. 876, it was held:

"Whether interest upon the debts of the bank should be allowed as against the stockholders from the date of the suspension. As the liability of the shareholder is for the contracts, debts, and engagements of the bank, we see no reason to deny to the creditor, as against the shareholder, the same right to recover interest which, according to the nature of the contract or debt, would exist as against the bank itself; of course, not in excess of the maximum liability as fixed by the statute. In the case of book accounts in favor of depositors, which was the nature of the claim in this case, interest would begin to accrue as against the bank from the date of its suspension."

Nor, under the circumstances, was it necessary to make any demand upon the bank, as owing to its insolvency it would have been useless to do so. "The act of going into liquidation dispenses with the necessity of any demand on the part of the creditors, and it follows that interest should be computed upon the amounts then due as against the shareholders to the time of payment." Richmond v. Irons, supra. "The insolvency of the bank dispenses with such presentation and demand, the bringing of this action constitutes a sufficient demand, and the deposits became forthwith due and payable, with interest from the time the bank suspended payment." Barnes v. Arnold, 23 Misc. Rep. 209, 51 N. Y. Supp. 1109, affirmed in 45 App. Div. 314, 61 N. Y. Supp. 85, and 169 N. Y. 611, 62 N. E. 1093.

The action of the receiver in failing to collect interest from the Central Trust Company upon balances remaining on deposit in that institution during the period of the receivership is a subject upon which it is not now necessary to pass, and in any aspect in which such matter may be regarded it would assuredly be inequitable to deprive creditors on that account of any remedies the law affords them against stockholders. The fact that all the stockholders were not sued, or, if sued, not served, is immaterial, as the liability of each one of them is individual and ratable, and not one for another.

I have examined carefully the other points presented, and have reached the conclusion that the weight of authority requires that the prayer of the complaint be granted. Submit decision and judgment on notice.

Ordered accordingly.