HAMILTON NATIONAL BANK ET AL., APPELLEES, V. AMERICAN LOAN & TRUST COMPANY ET AL., APPELLANTS.

FILED JUNE 9, 1904. No. 13,411.

1. **Review: PRIOR APPEAL.** The supreme court ordinarily will not re-examine questions of law presented and determined on a prior appeal of the same cause.

2. ————: **LAW OF THE CASE.** Therefore our former holding in this case, that the American Loan & Trust Company was a banking institution, and that its stockholders have incurred the liability provided for by section 7, article 11b of the constitution, is adhered to.

3. ————: **SECOND TRIAL.** Where, on a new trial in the district court, the parties have introduced new evidence, together with that taken on the former trial, the supreme court, on a second appeal, will examine the record and evidence in order to determine controverted questions of fact.

4. **Res Judicata.** A judgment in a prior suit will not be a bar to a subsequent action unless it is shown by the record, or by clear and satisfactory evidence, that the same issue presented in the

subsequent action was involved in the prior suit, and that both actions are between the same parties or their privies.

5. ————: REJECTED PETITION. The overruling of a motion for leave to file a petition in the nature of intervention, by which it is sought to raise and litigate a question not theretofore in issue in the action, and a summary refusal to allow the petition exhibited and attached to the motion to be filed, is not *res judicata* of the matters contained in the petition, so as to prevent the parties from litigating the same questions again in a regular form of action.

6. ————: RULINGS. The same rule applies to the summary overruling of objections to the discharge of the receiver in a prior action.

7. ————: EVIDENCE. Evidence examined, and *held*, that the proceedings in the action in the circuit court of the United States, pleaded as an estoppel against the plaintiffs herein, are not a bar to the prosecution of this action.

APPEAL from the district court for Douglas county: CHARLES T. DICKINSON, JUDGE. *Affirmed.*

*Montgomery & Hall,* for appellants.

*James H. McIntosh, contra.*

BARNES, J.

This action was commenced in the district court for Douglas county, by the Hamilton National Bank and certain other designated creditors of the American Loan & Trust Company, for themselves and all others similarly situated, against that corporation and its stockholders, to settle and determine the constitutional liability of said stockholders, and fix the amount due from each of them thereunder; to appoint a receiver to collect the sums so found due, and apply the fund thus realized to the payment of certain judgments which the plaintiffs had theretofore obtained against said corporation. A trial of the case resulted in a judgment for the defendants, and the plaintiffs appealed to this court where the judgment of the trial court was reversed, and it was held that the Ameri-

can Loan & Trust Company was a banking institution, and that the stockholders thereof had incurred the double liability provided for by section 7, article 11b of the constitution. It was further held that the defense of *res judicata* or estoppel by judgment, pleaded and relied on by the defendants, was not established, and the cause was remanded for further proceedings according to law. *Hamilton Nat. Bank v. American Loan & Trust Co.*, 66 Neb. 67. In compliance with our mandate the cause was again tried in the district court where a decree was rendered in favor of the plaintiffs in accordance with the views expresed in our opinion. From that decree the defendants have appealed, and the case is now before us a second time.

On the second trial the defendants abandoned their contention that the insolvent corporation was not a banking institution, and offered no evidence or argument on that question, but relied alone upon their former defense of estoppel or *res judicata*. No attack having been made on that part of our former judgment declaring the American Loan & Trust Company a banking institution that question must be treated as finally settled, and therefore requires no further consideration. It follows that the only question left for our determination is whether the proceedings in the United States circuit court for the district of Nebraska in the case of *John A. Ordway v. The American Loan & Trust Company,* which are pleaded by the defendants by the way of an estoppel or former adjudication, constitute a defense to this action. Ordinarily our former judgment would likewise be decisive of that question, but appellants having introduced considerable new evidence in addition to that produced by them on the former trial, it is now contended by them that we must resolve that issue in their favor. In order to correctly determine this matter it is necessary for us to look to the record of the case in the federal court. It appears that on the 10th day of May, 1894, John A. Ordway and others, stockholders in the Loan & Trust Company, commenced an action in the circuit

court of the United States for the district of Nebraska, against that corporation as a sole defendant, to secure the appointment of a receiver to take charge of and distribute its assets and wind up its affairs; that such proceedings were had therein that one Philip Potter, also a stockholder in the corporation, was appointed receiver, and in due time its affairs were wound up, and the receiver was discharged. In that action the question of the constitutional liability of the stockholders sought to be established in this suit was not in issue, and was not incidentally involved therein, because the plaintiff and the receiver were all stockholders, and of course were not seeking to establish, but were rather trying to avoid, such liability. It seems clear that the receiver was disqualified, by reason of his personal interest, from attempting to establish or enforce such a liability against himself. It further appears however, that on the 30th day of September, 1897, the Rutland County National Bank, one of the plaintiffs herein, filed a motion in that suit for leave to petition for the removal of the then receiver, and for the appointment of a substituted receiver. The petition sought to be filed was attached to the motion, and set forth that Philip Potter was a stockholder in the American Loan & Trust Company; that the petitioner was advised that the stockholders of that corporation were liable under the constitution of this state in an amount equal to the par value of the stock held by them, and that the receiver, for the reason that he was a stockholder, was not a fit person to enforce such liability. It was prayed by the petition that the receiver be removed, and a disinterested person be appointed in his place, and that the court proceed to determine the liability of the stockholders of the corporation in accordance with the facts set forth therein. It appears from the evidence that the question of the liability of the stockholders, which is contended for by the plaintiffs in this action, was argued and discussed at least at some length on the hearing. The court, however, overruled the motion and denied the bank the right to file its said petition. So it may be

said that instead of allowing that matter to be made an issue in the action, the court refused to permit the same, or to allow the question to be litigated in that proceeding. So it cannot be claimed by the appellants that thus far the proceedings in the circuit court amounted to an adjudication of the question as to whether or not the American Loan & Trust Company was a banking institution. At the time of the filing of this motion none of the plaintiffs had presented or proved their claims against the trust company; they had not been made parties to the suit, and, aside from recognizing the proceedings by taking receiver's certificates for the amount of their claims, had made no appearance in the case. It further appears that when the question of the discharge of the receiver came up, the plaintiffs, or at least some of them, appeared, and by motion objected to his discharge, and assigned as one of the reasons therefor that the Loan & Trust Company was a banking institution, and that its stockholders had incurred the double liability sought to be enforced in this action, and again asked that the receivership be continued, and that a disinterested person be appointed receiver to take the proper proceedings to enforce such liability. It is true that on the hearing of this motion the question was again argued to some extent, but the result of the matter was that the motion was overruled; the plaintiffs were denied the right to file petitions of intervention, and thus raise and litigate that question, and the receiver was discharged. The court, however, did not dismiss the action, but continued it for the sole purpose of allowing the plaintiffs to prove and establish the amount of their claims against the corporation. In our former opinion it is said, regarding this contention, that the motion seems to have presented the single question of removing the receiver and appointing another who was not a stockholder in the corporation. It is true that the petition tendered with the motion, foreshadowed the desire to have proceedings to enforce the liability of the stockholders instituted in a proper manner by a substituted receiver. But it cannot be successfully contended

that the question of the liability of the stockholders was presented to the court for adjudication by this motion. The exact amounts due from the corporation to its various and numerous creditors were not judicially determined at that time; plaintiffs had not either proven their claims before the receiver, or obtained judgment thereon, and were not then in a position to ask the enforcement of the stockholders' liability. The ruling on this motion was simply on the question as to whether the then acting receiver should be discharged and one appointed who should in no way be disqualified, by reason of adverse interests, to enforce the stockholders' liability. The same may be said as to the objections to the final discharge of the receiver. The question of the stockholders' liability was not then in issue, but was one which might have been put in issue had the objections been sustained and leave given the plaintiffs to file their petition.

To show that the liability of the stockholders was in fact litigated, the appellants called the district judge, before whom the federal court proceedings were had, as a witness. His testimony shows that the matter of the constitutional liability of the stockholders was argued, and to some extent considered; that it was his opinion that the corporation was not a banking institution, and that such view of the case was one of the considerations which moved him to overrule the motion and objections, and deny the plaintiffs herein the right to file their petitions and litigate that question. It is also shown by his evidence that the case had been pending in his court for many years; that he desired to have an immediate and final disposition of it, and therefore overruled the motion and objections, and discharged the receiver. From a fair consideration of all of the evidence it seems clear that the proceedings in that case do not constitute a bar to the prosecution of this action. The rule is well settled that the determination of a motion or a summary application is not *res judicata* so as to prevent the parties from drawing the same matters in question again in the more regular form of an action.

*Heidel v. Benedict,* 61 Minn. 170, 31 L. R. A. 422; *Kanne v. Minneapolis & St. L. R. Co.,* 33 Minn. 419; *Simson v. Hart,* 14 Johns. (N. Y.) 63, 75; 1 Freeman, Judgments (4th ed.), secs. 325, 326; 2 Black, Judgments (2d ed.), sec. 689.

It is also contended that the plaintiffs herein had the right to intervene in the circuit court and present for determination in that action the question of the stockholders' liability, and that having failed to do so, they are estopped to present the matter in this proceeding. As was said in our former opinion:

"We are not prepared to carry the rule to the extent sought by counsel. The receiver appointed by the circuit court for the trust company was authorized and directed to collect and convert into money the assets of the corporation. He took the place of the regularly constituted officers of the corporation and had the same right to proceed against any of the stockholders that the officers of the corporation had. He could have proceeded against any of the stockholders for the collection of any balance remaining due from them to the corporation on subscriptions for stock, and could have collected any assessments legally made against the stockholders. In short, it was his duty, under the directions of the court, to convert all the assets of the corporation into such form as would enable them to be used for the satisfaction of the debts existing against the corporation. The liability of the stockholders created by the constitution was not one existing in favor of the corporation, but in favor of the creditors."

It is clear that this provision of the constitution does not increase the capital stock or the financial resources of the corporation. Its only object is to provide an additional fund for the security of its creditors. This double liability is placed upon the stockholders solely for the benefit of the company's creditors. The officers and agents of the corporation can not dispose of or control the fund thus created; they can not collect it by assessment upon the shareholders, nor can they assign it to a trustee for the

benefit of creditors, even though the corporation be insolvent. 3 Thompson, Private Corporations, sec. 3560; 1 Cook, Stock, Stockholders and Corporation Law (3d ed.), sec. 218. In *Runner v. Dwiggins*, 147 Ind. 238, 46 N. E. 580, 36 L. R. A. 645, the court said:

"Certainly it cannot be asserted with any reasonable support, that this peculiar liability imposed by the statute upon those who became shareholders of a banking association organized under the existing law, is in any sense an asset, right or interest of the bank which it, as an insolvent debtor, can by its deed of assignment pass to its assignee, or in any manner vest the enforcement thereof in him. In the absence of some statutory provision conferring the right, neither the corporation nor its assignee, nor receiver can enforce such a liability as that in question."

It has been held, however, that notwithstanding this liability was a subject over which the receiver ordinarily had no jurisdiction, that a proceeding to enforce this liability might very properly be instituted by a receiver appointed by the court for that special purpose. Or that the action may be maintained by one creditor for himself and on behalf of all others. Without doubt the receiver appointed by the circuit court for the trust company, after the debts against the corporation had been judicially ascertained, and its property exhausted, could have proceeded to enforce the stockholders' liability in question herein if he had been directed to do so by the court. But in that event it would have been necessary to remove the then acting receiver and appoint a disinterested person in his stead. This the court refused to do. And it is sufficient to say that the plaintiffs herein are not estopped to litigate the questions involved in this action by reason of the proceedings in the case in the federal court.

For the foregoing reasons, the judgment of the district court is right, and is therefore

AFFIRMED.