# KEATLEY, AS RECEIVER OF AMERICAN GUAR-ANTY COMPANY, *v.* FUREY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 84. Argued December 12, 1912.—Decided December 23, 1912.

In order to warrant a direct appeal to this court under § 5 of the Court of Appeals Act of 1891, the jurisdiction of the Federal court as such must be involved.

Whether title to the assets outside the State passed to a receiver of a corporation under an order of the court in the State of organization depends upon the law of that State, and a decision by a Federal court in another State having custody of assets through a receiver that no title passed and dismissing a petition of the first named receiver to intervene, does not involve the question of jurisdiction of the Federal court and warrant a direct appeal to this court.

In such a case the judge denying the petition to intervene is right in certifying that no question of jurisdiction exists.

In such a case the Federal court has jurisdiction over the intervention whether it has jurisdiction as a Federal court of the principal case or not; and until final decree in the principal case the question of jurisdiction is not open.

THE facts, which involve questions of jurisdiction of the Federal court, are stated in the opinion.

*Mr. F. W. Houghton* and *Mr. W. E. Chilton,* with whom *Mr. George B. Edgerton* and *Mr. Thomas H. Gill* were on the brief, for appellant:

The motion to dismiss should be denied because the record clearly shows that the sole question decided by the court below was a single definite question of jurisdiction; it also clearly appears from the petition for appeal and the order granting it, that this appeal was taken to the Supreme Court to review the question of jurisdiction alone and hence is sufficient without a certificate. *Davis*

v. *C., C., C. & St. L. R. Co.*, 217 U. S. 157; *Re Jefferson*,
215 U. S. 130; *Excelsior W. P. Co.* v. *Pac. Bridge Co.*, 185
U. S. 282; *Shields* v. *Coleman*, 157 U. S. 168; *Re Lehigh
Min. & Mfg. Co.*, 156 U. S. 322; *Huntington* v. *Laidley*,
176 U. S. 668; *Interior Const. Co.* v. *Gibney*, 160 U. S. 217;
*Smith* v. *McKay*, 161 U. S. 355.

The record clearly shows that the sole question decided
by the court below was one of jurisdiction and no certif-
icate is in such case required. Cases *supra* and *United
States* v. *Larkin*, 208 U. S. 333, 338; *Chicago* v. *Mills*, 204
U. S. 321; *Petri* v. *Creelman Lumber Co.*, 199 U. S. 487;
*Harkrader* v. *Wadley*, 172 U. S. 148.

The jurisdiction of the Circuit Court as a Federal court
was involved in this controversy because no lawful
voluntary general appearance by the defendant was or
could be made therein; and because of the failure to law-
fully serve the defendant with any process. Cases *supra*,
and *Shepard* v. *Adams*, 168 U. S. 618; *Kendall* v. *Amer.
Automatic Loom Co.*, 198 U. S. 477; *Board of Trade* v.
*Hammond*, 198 U. S. 424.

The entire controversy in the court below was whether
or not the decree of dissolution of the American Guaranty
Company of Chicago and the appointment of Receiver
Black of the assets of such corporation within the juris-
diction of such court under the provisions of §§ 57, 58 and
59, Chap. 53, Code of West Virginia, 3d ed., p. 510, so
ended the life and power of such corporation and its officers
that it could not thereafter by. such officers or attorneys
enter a general appearance in the Federal court so as
to give such court jurisdiction in such action. Alderson
on Receivers, pp. 4, 19, 20, 79, 80, 276, 277, 387, 523;
*White* v. *White*, 130 California, 597; Clark & Marshall on
Private Corp., § 319, pp. 912, 913; *Conklin* v. *Shipbuild-
ing Co.*, 140 Fed. Rep. 219; *American Nat'l Bank* v. *Nat'l
Benefit Co.*, 70 Fed. Rep. 420; *Pendleton* v. *Russell*, 144 U. S.
640; *United States* v. *Larkin*, 208 U. S. 333, 338, *Chicago* v.

*Mills,* 204 U. S. 321; *Petri* v. *Creelman Lumber Co.,* 199 U. S. 487; *Harkrader* v. *Wadley,* 172 U. S. 148.

*Mr. Levy Mayer* for appellees:

This appeal should be dismissed because no certificate of jurisdiction was obtained from the Circuit Court and no equivalent of a certificate of jurisdiction is shown by the record. *Courtney* v. *Pradt,* 196 U. S. 89; *Filhiol* v. *Torney,* 194 U. S. 356; *Chappell* v. *United States,* 160 U. S. 507; *The Bayonne,* 159 U. S. 687, 693; *Shields* v. *Coleman,* 157 U. S. 168, 176.

The jurisdiction of the Circuit Court as a Federal court was not involved within the meaning of the act allowing a direct appeal to this court. The subject-matter was a controversy as to the possession of the property of a corporation, between a receiver appointed by the Federal court and a receiver subsequently appointed by a state court, and involved the construction of the West Virginia statutes, and a question of general law. *Fore River Ship Building Co.* v. *Hagg,* 219 U. S. 175; *Louisville Trust Co.* v. *Knott,* 191 U. S. 225; *Courtney* v. *Pradt,* 196 U. S. 89; *Bache* v. *Hunt,* 193 U. S. 523; *Board of Trade* v. *Hammond Elevator Co.,* 198 U. S. 424; *Schweer* v. *Brown,* 195 U. S. 171.

The receiver appointed in the West Virginia dissolution proceedings was not a statutory receiver, but was a mere chancery act receiver, and as such he was not invested by statute with the title to the property of the corporation that had been dissolved or made the legal successor of such corporation.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from the Circuit Court taken by an intervenor on the ground that the court never had ob-

tained jurisdiction over the defendant. The petition to intervene was dismissed, the decree declaring that the court had jurisdiction, that there was no equity in the petition and that the petitioner was not entitled to any of the relief prayed for. The court allowed the appeal but certified that in its opinion no question of jurisdiction was involved. The appellant contends that the contrary appears on the face of the record. *United States* v. *Larkin,* 208 U. S. 333. *The Steamship Jefferson,* 215 U. S. 130, 137. *Herndon-Carter Co.* v. *James N. Norris, Son & Co.,* 224 U. S. 496.

The material facts are these. On February 1, 1909, there was filed in a local court of West Virginia a bill for the dissolution of the American Guaranty Company, a corporation of that State. The corporation appeared and consented and on the same day a decree was entered dissolving the corporation, appointing a receiver to whom Keatley is successor, and directing him to take the steps necessary to secure possession of the company's property within the jurisdiction of the court. By the charter of the company its principal office was to be in Chicago, and in fact its bank deposits, bonds, &c., were almost wholly there. On February 2, the suit now before this court was brought in the Circuit Court of the United States for the Northern District of Illinois on the ground that the West Virginia receiver had no authority outside of his State, praying for a receiver and the distribution of the assets collected. There was an appearance and consent in the name of the corporation, a receiver was appointed and he proceeded to collect the assets. It is stated by the judge in his opinion that more than 7000 out of the 7030 claims against the company had been presented in the cause. On October 27, 1909, the West Virginia receiver filed his petition of intervention, setting up that the corporation, having been dissolved, could not appear in the suit.

Whether the exception to the general rule concerning jurisdiction of appeals like this established by *Shepard v. Adams*, 168 U. S. 618, and *Board of Trade v. Hammond Elevator Co.*, 198 U. S. 424, applies to the present case, and what may be the merits of the argument against the right to appear in the name of the corporation, if the question is open, cannot be considered until the petitioner's right to present that argument is made out. On that matter we will assume that, if the petitioner had a case below, the denial of the right to intervene was not a discretionary decision and final on that ground. *Credits Commutation Co. v. United States*, 177 U. S. 311, 315, 316. But of course the petitioner's standing in the lower court depended on his having title, and was not a consequence of his West Virginia appointment alone unless at least he got a title by virtue of it, as it was provided by statute in express terms that the receiver should, in *Relfe v. Rundle*, 103 U. S. 222. See *Great Western Mining Co. v. Harris*, 198 U. S. 561, 574. The effect of such a provision need not be considered in this case. In some instances, at least, it would be enforced outside of the State. *Bernheimer v. Converse*, 206 U. S. 516, 534. *Converse v. Minnesota Thresher Manufacturing Co.*, 212 U. S. 567. *Converse v. Hamilton*, 224 U. S. 243, 257. See *Chipman v. Manufacturers' Nat. Bank*, 156 Massachusetts, 147, 148, 149. *Haskell v. Merrill*, 179 Massachusetts, 120, 124. The statute of West Virginia on the other hand provides for the appointment of receivers to 'take charge of and administer' the assets, and for the bringing of suit and the conveyance of property in the corporate name thereafter. Code, ch. 53, §§ 58, 59. It seems, to be sure, that in September and October the local West Virginia court purported to authorize and confirm a deed by a special commissioner to the receiver, but if the statute did not itself constitute the receiver the universal successor of the corporation, see *Chipman v. Manufacturers' Nat. Bank*, 156

Massachusetts, 147, 148, 149, it may be doubted whether the deed had extraterritorial effect. See *Fall* v. *Eastin*, 215 U. S. 1. The argument is strong to support the judgment of the court below that no title passed.

Right or wrong that was the decision of the Circuit Court, and it is obvious that a dismissal of the petition on that ground does not warrant a direct appeal, whether the court had jurisdiction or not. The court had jurisdiction over the intervention and decided against it on the merits. That question logically and chronologically preceded any question of jurisdiction in the principal case. The question of jurisdiction in the principal case was not yet open, as there had been no final decree therein, and as by virtue of the decision that the intervenor had no standing, the question could not be raised by him. The form of the decree really made it impossible for this appeal to be entertained, but we have discussed the case and stated the facts more at length in order to explain that the judge was right in his certificate and could not have acted otherwise upon his view of the West Virginia law.

*Appeal dismissed.*