## LUIKHART v. SPURCK et al.
### No. 1092.

District Court, S. D. Illinois, N. D.
July 26, 1932.

Covey, Covey & Covey, of Peoria, Ill., for plaintiff.

Bartley & Younge, of Peoria, Ill., for defendants.

BRIGGLE, District Judge.

This is a bill in equity brought by E. H. Luikhart, as general receiver for the State Bank of Nelson, a banking corporation, in-

corporated under the laws of the state of Nebraska, against certain stockholders, citizens of Illinois, to recover an alleged stockholder's double liability on their stock, as imposed by the Constitution and statutes of Nebraska. Two of the defendants, Anna L. Spurck and Emma C. Halladay, have filed a motion to dismiss the bill, as amended. The question for determination arises on this motion.

The material facts of the case, alleged in the bill and admitted by the defendants' motion, are as follows:

(1) On and before the 27th day of April 1927, the State Bank of Nelson (hereinafter referred to as "the Bank") was a banking corporation, organized under the laws of Nebraska.

(2) On April 27, 1927, upon petition of the Attorney General of the state of Nebraska, in the district court of Nuckolls county, Neb., the bank was adjudged insolvent.

(3) On June 15, 1931, the plaintiff was appointed general receiver of the bank by the district court of Nuckolls county, and, by that decree, vested with full power to enforce stockholders' liabilities.

(4) On April 27, 1927, when the bank was adjudged insolvent, the defendants were stockholders of the bank.

(5) On January 21, 1930, the assets of the bank were sold, but the amount realized was insufficient to meet all the creditors' claims, the deficiency being $25,598.18, which is now sought to be recovered from the stockholders.

The bill also sets forth the pertinent parts of the Nebraska Constitution and statutes, to which reference will later be made.

Although the motion to dismiss sets forth several grounds, defendants by their argument limited themselves to one, and this is the only one with which this opinion will be concerned. This challenges the present plaintiff's right to sue, and raises substantially the question of whether the general receiver of a Nebraska bank, appointed in a state court in Nebraska, may enforce the stockholder's double liability, for the use and benefit of the bank's creditors, against stockholders resident in Illinois. This, it will be seen, is divisible into two distinct propositions: (1) May the general receiver, even in Nebraska, maintain such a suit? and (2) May he do so in a foreign jurisdiction?

The defendants argue that the liability can be enforced even in Nebraska only by a bill brought by one or more creditors for the benefit of all the creditors, or by a receiver appointed specifically for this purpose, on petition of the creditors, and that the general receiver, as such, has no right to enforce this liability. The defendants further argue that, even assuming the general receiver could have sued Nebraska stockholders, nevertheless he has no extraterritorial powers, and cannot sue outside of the jurisdiction in which he was appointed.

The plaintiff contends, on the other hand, that he does have the right to sue in Nebraska, because prior to 1930, both by statute and judicial construction upon the part of the Nebraska Supreme Court, he had been given that right. Furthermore, that in 1930, by amendment to the Constitution of that state, general receivers were expressly given the right to bring this sort of suit, which (assuming it to be a change) is a mere procedural change, and not a substantive change, and hence is applicable in this case, and does not contravene the constitutional provision against the impairment of contract. The plaintiff further asserts that he has the right to bring this suit in Illinois in the United States court because he is not a mere chancery receiver, with no title to the subject-matter of the suit, but is a statutory or constitutional receiver, appointed under the specific provisions of the Nebraska laws, and is vested with such title as does permit his suing in a foreign jurisdiction.

It is conceded by both parties that the law of Nebraska is controlling in the determination of the questions here involved. See Good v. Derr (1931 C. C. A. 7th), 46 F.(2d) 411. The Constitution of that state provided, prior to the amendment of 1930, as follows: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing [or existing] while he remains such stockholder, and all banking corporations shall publish quarterly statements under oath of their assets and liabilities." Constitution of the state of Nebraska, article 12, § 7.

The amendment to this section in 1930 provides, immediately after the above-quoted portion: "The stockholders shall become individually responsible for the liability hereby imposed, immediately after any such banking corporation, or banking institution shall be adjudged insolvent, and the receiver of said corporation or institution shall have full right and lawful authority, as such receiver,

forthwith to proceed by action in court to collect such liabilities. * * *" Constitution of the state of Nebraska, article 12, § 7, as amended (see Session Laws 1931, c. 165).

The statutory provision as to stockholder's liability is: "Every stockholder in a banking corporation shall be individually liable to its creditors, over and above the amount of stock by him held, to an amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder." Compiled Statutes of Nebraska 1922, § 8015.

The statutes of Nebraska relating to receivers provide that:

(1) Upon certain enumerated conditions, when the department of trade and commerce shall have reason to believe that a bank is in an unsound condition, the department may immediately take possession of and conduct the affairs of the bank pending an investigation. Session Laws 1929, p. 164, c. 38, § 16.

(2) "Upon determination of insolvency of any bank by the Secretary of the Department of Trade and Commerce, and failure of the owners thereof to restore solvency within the time and in the manner provided by law, or upon violation of the laws of the state by the bank, the Secretary shall report the facts to the Attorney General, who shall apply to the district court of the county in which the bank is located * * * for a decree determining such insolvency or violation of law, and the appointment of a receiver. * * * If upon such hearing the court, upon evidence presented, finds the bank insolvent or that it has so failed to comply with the laws of the state as to authorize the closing thereof by the Department of Trade and Commerce, decree shall be entered and the bank ordered liquidated." Session Laws 1929, p. 162, c. 38, § 10.

(3) "The Secretary of the Department of Trade and Commerce shall be the sole and only receiver of failed or insolvent banks, and shall serve as such without compensation other than his compensation as Secretary of said Department." Session Laws 1929, p. 163, c. 38, § 11.

(4) "Every receiver immediately upon taking possession shall proceed to collect all debts, assets and claims belonging to such bank, and upon order of the district court, or judge thereof, may sell or compound all bad or doubtful debts, and on like order may sell all the real and personal property of such bank upon such terms as the court or judge thereof may direct; *and may, if necessary, enforce the liabilities of stockholders, officers or directors.*" Compiled Statutes 1922, § 8038.

As heretofore indicated, the instant case involves two general questions: (1) Does the general receiver of a Nebraska bank have any right at all to enforce the stockholder's double liability, even if the suit is brought in Nebraska; and (2) assuming such a right to exist in Nebraska, may the receiver enforce the liability in a foreign jurisdiction? The first question is again divisible into two parts: (a) The status of the law of Nebraska prior to the constitutional amendment of 1930 to article 12, § 7; and (b) the present status of the law, subsequent to that amendment.

First, then: Did the general receiver, as the law of Nebraska existed prior to 1930, have the right to recover this stockholder's liability, even in Nebraska?

By what appears to be the majority rule in other jurisdictions, outside of Nebraska, the general receiver of a corporation cannot enforce the statutory or constitutional double liability imposed upon the stockholders of a corporation for corporate debts, since such liability is not regarded as a corporate asset, but as a right solely in favor of the corporation's creditors. 23 Ruling Case Law, p. 119; Ballantine, Private Corporations, § 223; Thompson on Corporations, vol. 7, § 5178.

Cook, on Corporations, vol. 1, p. 691, states: "The Statutory liability of the stockholder is created exclusively for the benefit of corporate creditors. It is not to be numbered among the assets of the corporation, and the corporation has no right to or interest in it. * * * Accordingly a receiver of an insolvent corporation has no power to enforce such a liability as this"—citing cases, but citing Farmers' Loan & Trust Co. v. Funk (1896) 49 Neb. 353, 68 N. W. 520, to be later referred to, to the contrary.

Clark and Marshall, Private Corporations, vol. 3, pp. 2567–2569, contains this statement: "In the absence of provision to the contrary, the individual liability for corporate debts imposed upon the stockholders of a corporation by a charter, statutory, or constitutional provision is solely for the benefit of and directly to creditors, and they only can enforce the same. * * * Of course, special statutory provisions may change this rule, * * *, and it may be enforced by a receiver like the liability of stockholders on unpaid subscriptions, when it is placed on the same footing as unpaid subscriptions by being expressly or impliedly made or declared

a part of the assets of the corporation, to be collected for the benefit of all the creditors ratably"—citing cases, including Brown v. Brink (1899) 57 Neb. 606, 78 N. W. 280, to be later referred to.

Whatever may be the law in other jurisdictions, however, we are here mainly concerned with the law of Nebraska.

In Farmers' Loan & Trust Co. v. Funk (1896) 49 Neb. 353, 68 N. W. 520, 524, a single creditor of an insolvent bank brought an action at law against a single stockholder to recover the double liability. It was held the action could not be maintained; the court saying: "The proper view to be taken of this proposition is so well expressed in Wilson v. Book [13 Wash. 676, 43 P. 939], supra, that we quote therefrom the following language: 'If the liability is secondary, and for the benefit of all the creditors, it is a trust fund for the purpose of satisfying their claims. All the other property of an insolvent corporation is a trust fund for the same purpose, and there is no reason why trust funds for a single purpose, though derived from different sources, should not be collected and administered in the same proceeding. * * * The receiver, when appointed, takes possession of all the property of the corporation for the benefit of all its creditors, and it should be held that he has the right, under the direction of the court, to enforce every liability, of whatever nature, which the court may find necessary to fully protect the rights of the creditors.' * * * The right of the receiver to enforce the liability of individual stockholders on behalf of the creditors is based, in the above opinion, on the fact that such liability is enforced for the realization of a trust fund for the benefit of all creditors of the corporation."

Pickering v. Hastings (1898) 56 Neb. 201, 76 N. W. 587, was another suit by one creditor against one stockholder, and here again recovery was denied. It was held that the liability on bank stockholders, under Constitution, § 7, art. 12, is for the creation of a fund for the benefit of all creditors, and must be enforced by an action for the benefit of all the creditors, or by the receiver if one has been appointed.

In Brown v. Brink (1899) 57 Neb. 606, 78 N. W. 280, 281, an action to enforce the stockholder's double liability was brought by the receiver of a bank. A single creditor sought to intervene, but it was held that he could not do so, in these terms: "It has been judicially determined that an action like the present one must be brought for the benefit of all the creditors of the corporation, and when a receiver has been appointed the suit should be prosecuted in his name."

Hamilton National Bank v. American Loan & Trust Co. (1902) 66 Neb. 67, 92 N. W. 189, 193, and Id., 72 Neb. 81, 100 N. W. 202, seemed for a while to cast some doubt upon the hitherto unbroken line of authority in Nebraska holding that a general receiver of a bank might enforce the stockholder's added liability. This was an action by certain creditors to enforce the stockholder's liability. Previously a general receiver of the bank's assets had been appointed by the United States District Court in Nebraska. Certain of the stockholders, now defendants in this state court proceeding, had taken no part in the proceedings in the federal court. The creditors contended, however, that the stockholders were nevertheless estopped by the suit in the federal court. The court held there was no estoppel, saying: "The liability of the stockholders created by the constitution was not one existing in favor of the corporation, but in favor of the creditors of the corporation. * * * So far as appears from the record in this case, this liability was a subject-matter over which the receiver had no jurisdiction. It was a liability which might have been invoked by the creditors of the corporation after the amount due them was judicially ascertained, and the assets of the corporation exhausted." Despite this, however, the opinion does contain this further statement: "It is true that a proceeding to enforce this liability might very properly be instituted by a receiver appointed by the court for that purpose, or, as has been said by this court in Farmers' Loan & Trust Co. v. Funk, 49 Neb. 353, 68 N. W. 520, such proceedings might be instituted by a receiver appointed to collect the assets of the corporation, by direction of the court after the assets had been collected and applied on the indebtedness, and the remaining debts judicially ascertained."

In State v. Farmers' State Bank (1925) 113 Neb. 497, 203 N. W. 629, 631, any doubts raised by the preceding Hamilton National Bank Case were set at rest. Here a stockholder who was also a depositor in his bank filed a claim against the general receiver of the bank, appointed under the statute above set out. The receiver sought to set off the stockholder's double liability, and it was held that he might do so: "If the amount due on the stockholders' liability had been judicially determined, one creditor, * * * or the receiver of such bank * * * could

prosecute an action to recover same. Section 8038, Comp. St. 1922, provides: 'Every receiver, immediately upon taking possession, * * * may, if necessary enforce the liabilities of stockholders, officers, or directors.' * * * That part of the opinion in Hamilton National Bank v. American Loan & Trust Co., 66 Neb. 67, 92 N. W. 189 [supra], wherein it is held that 'a receiver can proceed to the enforcement of such liability only at the instance of the creditors themselves,' is out of harmony with our holdings above cited, and is in direct conflict with section 8038, supra, and to that extent is overruled."

Following this is the case of Rogers v. Selleck (1928) 117 Neb. 569, 221 N. W. 702, 703. The general receiver of an insolvent bank brought a suit in equity for the benefit of all the creditors to recover the stockholder's double liability. It was held for the receiver: "The double liability inures to the benefit of unpaid creditors, and not to the bank in its corporate capacity. * * * In effect the constitutional provision imposing a double liability upon bank stockholders in a state bank requires them, in connection with the subscriptions for stock, to make contributions to a trust fund for the benefit of unpaid creditors in the event of insolvency, and the action to enforce their obligations must be prosecuted by one creditor for the benefit of all or by the receiver. * * * In enforcing the contractual obligations the receiver, acting under directions of the court, is a proper party to bring the necessary action, whatever its nature."

Apparently the most recent decision in Nebraska on this point is that of Brownell v. Adams (1931) 121 Neb. 304, 236 N. W. 750, 751. This was a suit for the benefit of all unpaid creditors of a bank brought by the general receiver of the bank against the stockholders to enforce the double liability. It was held for the receiver: "It is the well-established rule in this state that 'the remedy for the enforcement of the entire double liability imposed by the Constitution upon stockholders of a state bank in the event of insolvency is a suit in equity by a creditor for the benefit of all the creditors, or by the receiver.' [Citing cases.] * * * Suffice it to state that there can now be no question but that in this jurisdiction it was. proper for the receiver to bring this suit in equity against the stockholders of the insolvent Pioneer State Bank in Douglas county to recover their constitutional liability." See, also,

German National Bank v. Farmers' Bank (1898) 54 Neb. 593, 74 N. W. 1086.

In speaking of what is termed the "minority rule" on this point of the right of the receiver of a bank to enforce the double liability, in Thompson, on Corporations, vol. 7, § 5179, the author states: "As opposed to the rule of the preceding section (supra) it is now held in some of the jurisdictions and where either under a statute or by judicial interpretation the stockholder's liability is made a corporate asset, then the receiver may sue to enforce it. *It may be suggested, too, that there is a growing disposition on the part of legislatures by positive enactment, as will be seen and on the part of courts by judicial construction, to concede this power to receivers.* Some courts are impressed with the idea and a very just one, too, that the receiver so far represents the creditors that he is authorized without express statutory direction to enforce any claim or demand in favor of any creditor that such creditor himself could enforce. * * * When the stockholder's statutory liability is made a corporate asset, either by statute or otherwise, and is to be collected for the benefit of all the creditors ratably then it may be enforced by a receiver"—citing Brown v. Brink, supra. And on page 56 there is this further significant conclusion: "In Nebraska, an action to enforce the individual liability of stockholders must be prosecuted for the benefit of all the creditors and when a receiver has been appointed, the action should be prosecuted in his name"—citing Farmers' Loan & Trust Co. v. Funk, supra; German National Bank v. Farmers' Bank, supra; and Brown v. Brink, supra.

To summarize, then, I am convinced that, even prior to the 1930 constitutional amendment, the general receiver of a Nebraska bank, such as this plaintiff, could enforce the stockholder's double liability, for the benefit of all the creditors, in a suit in Nebraska, upon either or both of two theories: (1) Upon the basis that such liability constitutes a trust fund, the nominal legal title to which is for this purpose in the general receiver, and he may therefore enforce it for the benefit of all the creditors; or (2) upon the basis that by virtue of section 8038, Compiled Statutes 1922, the receiver is specifically given the right to enforce such liability.

Coming now to the 1930 amendment, as quoted supra, it is clear that the general receiver of a Nebraska bank is by this amendment specifically given the right to recover

the double liability. Assuming then, for the moment, that prior to this amendment the general receiver of such a bank could not have enforced the liability, may the present plaintiff, as general receiver of a bank which was incorporated, which became insolvent, and in which the defendants became stockholders before the amendment became effective, nevertheless take advantage of it and therefore recover on that basis, if upon no other? The defendant urges that, if this amendment be interpreted to apply retroactively upon present stockholders in existing corporations, it is invalid as being an unlawful impairment of the obligation of contract entered into by the stockholders, contrary to the Constitution of the United States. It would seem, however, that this amendment may safely be applied to such stockholders, in the situation as is now presented, and that to do so does not in any way violate the Federal Constitution.

It is too well settled to require the citation of authorities that mere changes in procedure in actions on contract, made by states, which merely change or add to the remedies available on the contract and do not go to the substantive rights of the parties, are not within the prohibition of the Constitution of the United States U. S. art. 1, § 10, cl. 1, and such changes are applicable to existing contracts and existing liabilities. In Henley v. Myers, Receiver (1910) 215 U. S. 373, 30 S. Ct. 148, 152, 54 L. Ed. 240, the Kansas law was amended to permit a suit by a receiver to recover stockholder's double liability instead of individual suits against the stockholders, as had been the law prior to that time. This was held applicable to an existing corporation, and to stockholders who had acquired their stock before the law was changed, it being said: "Equally without merit is the contention that the statute of 1899 impaired the obligations of the stockholder's contract, in that it substituted for individual actions against them a suit in equity by a receiver appointed after judgment against the corporation. In becoming stockholders, the defendants did not acquire a vested right in any particular mode of procedure adopted for the purpose of enforcing their liability as stockholders. It is a well-established doctrine that mere methods of procedure in actions on contract, that do not affect the substantial rights of the parties, are always within the control of the state."

In Davis v. Johnson (1918) 41 N. D. 85, 170 N. W. 520, 521, an action to recover stockholder's liability was brought by the general receiver of a North Dakota bank, under a statute specifically permitting such suit, but which statute had been enacted after the receiver had been appointed. Nevertheless, the receiver was permitted to sue; it being said: "For in this state the Legislature has expressly provided that the receiver of an insolvent bank shall 'enforce the individual liability of stockholders.' Chapter 53, Laws of 1915. It is true this statute was enacted after the plaintiff had been appointed receiver, but it was in full force and effect at the time the instant case was commenced and the assessment laid against the defendant. The statute did not affect any right, but related merely to a remedy." See, also, Bernheimer v. Converse (1907) 206 U. S. 516, 27 S. Ct. 755, 51 L. Ed. 1163; Persons v. Gardner (1899) 42 App. Div. 490, 56 N. Y. S. 822, 59 N. Y. S. 463; Commonwealth v. Cochituate Bank (1861) 3 Allen (Mass.) 42; Mahoney v. Bernhardt, 27 Misc. 339, 58 N. Y. S. 748; Id., 45 App. Div. 499, 63 N. Y. S. 642; Id., 169 N. Y. 589, 62 N. E. 1097; Cook, Corporations, vol. 1, § 218; and Thompson on Corporations, vol. 7, § 5181.

The change made by the 1930 amendment to the Nebraska Constitution, if it·be a change, giving the receiver of the bank the right to sue for the stockholder's liability, is a mere change in procedure. It simply gives to the creditors, through the medium of the general receiver, a new remedy against the stockholders. The legal title to the cause of action against the stockholders and to the fund to be derived from the enforcement of the double liability may well be considered for this particular purpose to be in the receiver, for the equitable benefit of the creditors. No substantive rights of the stockholders have been invaded.

I conclude, therefore, that this plaintiff, as general receiver, might have brought suit to recover the stockholder's double liability in Nebraska, upon either or both of the preceding grounds indicated: (1) upon the basis that the law even before the 1930 constitutional amendment, by judicial interpretation, clearly permitted such suit; and (2) upon the basis that, in any event, the 1930 amendment permits the suit, and being a mere remedial provision, it is applicable to this suit.

There remains this one further question: Assuming the action could have been brought by the receiver in Nebraska, may it be brought by him in the federal court in Illinois? It is well settled that an ordinary chancery receiver, deriving his authority solely

from the order of the court appointing him, and having no title to the property in his charge, cannot sue in a foreign jurisdiction. Booth v. Clark (1854) 17 How. 322, 15 L. Ed. 164; Hale v. Allinson (1903) 188 U. S. 56, 23 S. Ct. 244, 47 L. Ed. 380; Great Western Mining Co. v. Harris (1905) 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163; Keatley v. Furey (1912) 226 U. S. 399, 33 S. Ct. 121, 57 L. Ed. 273; Cook, Corporations, § 218; Sterrett v. Second National Bank of Cincinnati (1918) 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135; Id. (C. C. A.) 246 F. 753, 3 A. L. R. 256. But it is also settled that, if the receiver is not a mere chancery receiver, but is a statutory receiver, appointed under a law which specifically authorizes his suing in foreign jurisdictions, or impliedly does so by conferring title to the property sought to be recovered upon the receiver, then he may, as a matter of right, sue in a foreign jurisdiction. Bernheimer v. Converse, supra; Converse v. Hamilton (1912) 224 U. S. 243, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292; Sterrett v. Second National Bank of Cincinnati, supra; Good v. Derr (C. C. A. 1931) 46 F.(2d) 411.

In Sterrett v. Second National Bank, supra, a receiver of an Alabama bank sought to bring a suit in the United States District Court in Ohio. Although it was held that the complainant could not sue, the court said, at page 77 of 248 U. S., 39 S. Ct. 27, 28: "Counsel for petitioner insists that the case is not ruled by the doctrine of Booth v. Clark, and that under the Alabama statutes and the decisions of the Supreme Court of that state the title to the property of the Trust Company is vested in the receiver in such wise that he is authorized to sue for its recovery in the courts of a foreign jurisdiction. If this contention is well founded there is no question of the authority of the receiver to prosecute the action. Relfe v. Rundle [1880] 103 U. S. 222, 26 L. Ed. 337; Hawkins v. Glenn [1889] 131 U. S. 319, 9 S. Ct. 739, 33 L. Ed. 184; Bernheimer v. Converse, supra; Converse v. Hamilton, supra; Keatley v. Furey, supra."

In Good v. Derr, supra, a recent case in the Seventh Circuit, a general receiver of a South Dakota corporation, appointed pursuant to the statutes of that state, brought suit in the United States court in Wisconsin to recover a superadded stockholder's liability which was imposed by the articles of incorporation of the company, rather than by the statutes. The court, speaking through Judge Sparks, said at pages 413–415: "Many of the states have enacted statutes authorizing the appointment of receivers, and by such enactments have clothed such receivers with far greater power than that possessed by those appointed by chancery courts. Thus we have statutory receivers as distinguished from chancery receivers; but this distinguishing feature does not of itself determine the receiver's right to sue in a foreign jurisdiction. This right depends entirely upon whether or not the statute gives him the power. What is a sufficient power for this purpose has been well settled as being a title to the property vested in the receiver as assignee or as statutory successor of the insolvent corporation. [Citing cases.] Where the statute under which the appointment was made confers such title on the receiver, he may sue as of right in the courts of the foreign jurisdiction, and such foreign courts will, in respect to such question of title, accept the construction put upon the statute by the highest court of the state in which the receiver was appointed. * * * We think the South Dakota statutes can be fairly and reasonably construed as vesting title in the receiver, as statutory successor of the insolvent corporation, of the fruits of the superadded liability, in such wise as to authorize this action."

⬛ The ultimate question, therefore, is simply this: Do the Constitution and statutes of Nebraska and the decisions of the Nebraska Supreme Court authorize a receiver of an insolvent state bank to sue to recover the stockholder's double liability in a foreign jurisdiction, either by specific provision or impliedly by vesting title to this fund or cause of action in the receiver? The answer should be in the affirmative for the following reasons: (1) The receiver is, for this purpose, according to Nebraska decisions, a trustee and holder of the nominal legal title to the fund derived from the double liability, and to the cause of action for its enforcement, for the benefit of all the creditors, and hence, having title, may sue as of right in a foreign jurisdiction; (2) the receiver is not a mere chancery receiver depending for his authority entirely upon the order of the court appointing him, but is a statutory receiver, especially provided for by the statutes of Nebraska, which prescribe his duties, and from which he derives his powers; (3) by section 8038, Compiled Statutes 1922, of Nebraska, the receiver is given the power to enforce the liabilities of stockholders, and, although suits in foreign jurisdictions are not specifically mentioned, I believe that the statute is sufficiently general in nature as to be reasonably interpreted to

apply in such cases, inasmuch as no reason is now apparent why the Legislature should have meant to make any distinction between resident and nonresident stockholders by conferring a peculiar immunity from suit upon stockholders resident outside of the state of Nebraska; and (4) by the 1930 amendment to the Constitution, the receiver is again given the right to enforce the double liability, and, as with the above-mentioned statute, I believe this amendment was intended to authorize suit not only in Nebraska, but also in foreign jurisdictions.

I therefore conclude that the plaintiff is entitled to sue these defendants in this court, and the motion to dismiss will be overruled.